For assignee: Edwards and Angell.
For claimant: Frank H. Wildes.

---

Maurice M. Dillon et al.
vs.                        No. 2038
Catherine C. Dillon
RESCRIPT
February 2, 1927

CARPENTER, J. The above entitled cause is a bill of complaint brought by the complainants, Maurice M. Dillon and John Dillon, who sues by his mother and next friend Helen I. Dillon, as heirs at law of Bridget Dillon, late of Newport, deceased, to set aside a conveyance made by said Bridget Dillon in her lifetime to Catherine C. Dillon, the daughter of said Bridget Dillon.

Said cause was sent to a master in chancery to frame issues of fact,

and the issues of fact framed are as follows:

1. Who were the surviving heirs of Bridget Dillon?

2. At the time of the execution of the deed referred to in said bill of complaint was Bridget Dillon upward of eighty years of age?

3. Was said Bridget Dillon infirm, weak and frail in health and body?

4. Was said Bridget Dillon unable to read and write?

5. Was said Bridget Dillon of unsound mind?

6. Was said Bridget Dillon incapacitated from attending properly to business?

7. Was the execution of the said deed and the delivery thereof obtained by fraud, threats, intimidation, duress and undue influence of the respondent, Catherine C. Dillon?

8. Did said Bridget Dillon execute said deed of her own free will?

9. Did the said Bridget Dillon mortgage the premises set forth in the bill of complaint to the Savings Bank of Newport?

10. Did the said Catherine C. Dillon mortgage the premises set forth in the bill of complaint to the Savings Bank of Newport?

Evidence was produced before the Court in favor of both the complainants and the respondent, and from the evidence it appeared that Bridget Dillon, the mother of the respondent, Catherine C. Dillon, lived in Newport and had for many years been a resident of that city; that she was seized and possessed of certain real estate located on the corner of Gould and Warner Streets in said City of Newport; that on the 18th day of November, 1920, she deeded all the real estate of which she was possessed to the respondent, Catherine C. Dillon; that on the 25th of January, 1924, about three years and two months after she executed the deed in question, she died; that at the time of the making of the deed she was over eighty years of age; that

at the time she made the deed, she had two sons and two daughters living, and a grandson, the son of a deceased son, the respondent being one of the daughters.

The complainants' contention is that said deed should be set aside on the ground that said Catherine C. Dillon, the respondent, fraudulently taking advantage of the said Bridget Dillon, procured her by fraud, threats, intimidation, duress and undue influence, to sign, seal, acknowledge and deliver the said deed without paying or agreeing to pay the said Bridget Dillon any consideration therefor.

It seems best to take up each issue of fact in order, as framed, and answer it.

1. The surviving heirs of Bridget Dillon were two daughters, Catherine C. Dillon and Mrs. Alice Flanagan, two sons, Maurice M. Dillon and Patrick Dillon, and the son of a deceased son, John Dillon.

2. At the time of the execution of the deed referred to in said bill of complaint Bridget Dillon was over eighty years of age.

3 Bridget Dillon was infirm, weak and frail in health and body because of old age.

4. Bridget Dillon was able to read and write.

5. Bridget Dillon was not of unsound mind, her mind, it appeared from the evidence, being as strong as anyone's at her age.

6. Bridget Dillon was not incapacitated from attending properly to business.

Answering questions contained in issues of fact numbers 7 and 8, it seems best to discuss them together. From the evidence produced at the trial, the Court is satisfied that there is sufficient evidence to show that the deed in question was made by Bridget Dillon at her request and at her orders, and that there is no evidence that she was threatened or intimidated, or that duress or undue

influence was used. All the evidence produced shows that there was a reason why Bridget Dillon desired to deed the property to Catherine C. Dillon. It appeared that Catherine C. Dillon had supported the said Bridget Dillon and her husband before his death for many years, and paid their expenses and furnished them with money, and to repay this, she wished to transfer the property to Catherine C. Dillon. Congressman Clark Burdick, a member of his bar of long standing, testified that he drew the deed, that he explained the situation to Mrs. Dillon, that he had done business for her for many years, that she explained to him why she wished to deed the property to Catherine C. Dillon, and that she fully realized what she was doing and understood the contents of the deed. It appeared from the evidence of Congressman Burdick that she executed the deed absolutely of her own free will.

As the Court understands it, it was agreed that questions contained in issues of fact numbers nine and ten should be answered in the affirmative.

From all the evidence the Court feels that the relief prayed for by the complainants in their bill of complaint should be denied.

For complainants: Sheffield & Harvey.

For respondent: Clark Burdick, Corcoran & Peckham.